UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD L. SPEARS

VERSUS                                              CIVIL ACTION

MITCH UNDERWOOD, ET AL                              NUMBER 11-595-BAJ-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 28, 2011.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD L. SPEARS

VERSUS                                          CIVIL ACTION

MITCH UNDERWOOD, ET AL                          NUMBER 11-595-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined in Ascension Parish Prison, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Supervisory Deputy United States Marshal Mitch Underwood, Ascension Parish Sheriff Jeffrey Wiley and Warden Bobby Webre. Plaintiff alleged that he was served cold meals in violation of his constitutional rights. Plaintiff sought monetary damages and injunctive relief.

I. Factual Allegations

Plaintiff alleged that he is a Muslim prisoner who fasts during the Holy Month of Ramadan. Plaintiff alleged that each day when he completed his fast he was provided two cold sandwiches rather than a hot meal. Plaintiff alleged that the meals did not contain sufficient calories and he was often hungry. Plaintiff alleged that he suffered from mental anguish because of a lack of food.

II. Applicable Law and Analysis

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of being served cold sandwiches after his daily fast.

Even assuming the plaintiff has overcome the statutory physical injury prerequisite the claim is nonetheless frivolous.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's

health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff alleged that after completing his daily fast prison officials provided him with two cold sandwiches instead of a hot meal. Plaintiff alleged that he often felt hungry and believed that he should be served a hot meal once he completed his daily fast.

Plaintiff failed to alleged any facts which show that he faced a substantial risk of serious harm from bing served two cold sandwiches or that prison officials knew of such risk and disregarded it. To the contrary, plaintiff alleged after he was permitted to exercise his religious faith by participating in daily fasts during the Holy Month of Ramadan prison officials provided him with a meal, albeit a cold meal consisting of two sandwiches. Plaintiff's desire for a hot meal or a meal which contained more calories and satisfied his periodic hunger during the Holy Month of Ramadan does not rise to the level of a constitutional violation.

Finally, the plaintiff named Supervisory Deputy United States Marshal Mitch Underwood as a defendant.

3

Although the plaintiff's claim against Underwood was brought pursuant to § 1983, an action brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971) is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors. *Bivens* is the federal counterpart of § 1983, which in effect extends protections afforded by § 1983 to parties injured by federal actors not liable under § 1983. *Abate v. Southern Pacific Transportation Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). Other than the actors who may be subject of the claims, courts do not distinguish between *Bivens* claims and § 1983 claims. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

To recover damages under *Bivens*, the injured party must show the existence of a valid constitutional violation. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73 (1982). Respondeat superior liability is not available in a *Bivens* action. *Toledo v. Bureau of Prisons*, 238 Fed.Appx. 10, 11 (5th Cir. 2007); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980), *cert. denied*, 450 U.S. 983, 101 S.Ct. 1521 (1981).

Plaintiff has not alleged any conduct by Underwood which rises to the level of a constitutional violation.

Considering the plaintiff's allegation that he was served two cold sandwiches as his meal during the Holy Month of Ramadan and he

4

experienced nothing more than periodic hunger, there are no conceivable plausible allegations of physical injury the plaintiff could allege to support the statutory injury requirement. Therefore, leave to amend the complaint is not warranted.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous and for failure to allege a physical injury pursuant to 42 U.S.C. § 1997e(e), and without leave to amend.

Baton Rouge, Louisiana, September 28, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE